IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL STRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-669-MHT-GMB |
| | ) | [wo] |
| W. TODD CRUTCHFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3). For good cause, the Magistrate Judge recommends this case be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

## I. BACKGROUND

The Court accepts as true all relevant facts set forth by the plaintiff in his Complaint. Doc. 1. This case is before the court following Plaintiff's conviction in the Lee County Circuit Court for Domestic Violence 2nd Degree, in violation of Alabama Code § 13A-6-131, which was upheld by the Alabama Court of Criminal Appeals on April 20, 2012. Doc. 1 at 5–7. On September 15, 2010, Plaintiff Michael Stringer and his son Cornelius

---

[1] This statute provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Holloway drove to the home of Rosette Dooley. Doc. 1 at 6. Stringer and Holloway then drove Dooley and several children to the grocery store. Doc. 1 at 6. They returned to Dooley's house at approximately 8:00 P.M., at which point Holloway and the children went inside Dooley's house while Stringer and Dooley remained outside. Doc. 1 at 6.

According to Stringer, a verbal argument followed, during which "several eyewitness[es]" saw Dooley attack him. Doc. 1 at 6. Stringer testified at trial that he "hit Rosette Dooley once in the ribs after being stabbed in the face, and held her wrist trying to avoid further injury." Doc. 1 at 6. Holloway testified that he was inside the house when he saw Dooley with a knife, so he rushed outside and in time to see Dooley making "stabbing motions" at Stringer with the knife. Doc. 1 at 6. Holloway immediately "did all that was necessary to get [Dooley] to let go of the knife, including punching, kicking, and beating Ms. Dooley in an effort to disarm her." Doc. 1 at 6. Stringer stated that Holloway caused Dooley's injuries. Doc. 1 at 6.

Nevertheless, Stringer was charged with Domestic Violence 1st Degree, in violation of Alabama Code § 13A-6-130, on October 28, 2010; arrested by the Opelika Police Department on October 29, 2010; and indicted on May 2, 2011. Docs. 1-1 at 5–8 & 1-2 at 1. On June 30, 2011, Stringer was convicted of the lesser-included offense of Domestic Violence 2nd Degree. Doc. 1 at 5. Stringer timely appealed his conviction to the Alabama Court of Criminal Appeals, who affirmed his conviction on April 20, 2012. Doc. 1 at 7.

Stringer brings the instant action against W. Todd Crutchfield, his appointed appellate counsel, for claims he describes as breach of contract and negligence. Docs. 1 at

2–3 & 1-1 at 2. Stringer has two primary contentions. First, Stringer argues that Crutchfield only appealed his conviction on a single issue and that he knew or should have known "that a claim for which defendant was acquitted cannot be used as a basis for an appeal." Doc. 1-1 at 5. At trial, following the State's case, Stringer's trial counsel moved the court for a judgment of acquittal of the first-degree domestic violence count. Doc. 1-2 at 2. The circuit court denied the motion. Doc. 1-2 at 2. At the conclusion of the presentation of all evidence, Stringer's trial counseled renewed the motion for judgment of acquittal, which was again denied. Doc. 1-2 at 2. The jury ultimately returned a verdict of guilty for the lesser-included offense of second-degree domestic violence. Doc. 1-2 at 2.

Crutchfield appealed the circuit court's denial of both motions for judgment of acquittal. On appeal the Alabama Court of Criminal Appeals held:

> In the present case, although Stringer was charged with first-degree domestic violence, he was only convicted of the lesser-included offense of second-degree domestic violence. Stringer's only argument on appeal was that the trial court should have granted his motion for judgment of acquittal on the charges of first-degree domestic violence. This Court has repeatedly held that "'[o]nly the count upon which appellant was found guilty is subject to appellate review.'" *Defries v. State*, 597 So. 2d 742, 744 (Ala. Crim. App. 1992) (quoting *Hammond v. State*, 354 So. 2d 280, 284 (Ala. Crim. App. 1977)). Thus, because Stringer was convicted of second-degree domestic violence, Stinger's appeal on the denial of his motion for judgment of acquittal on the first-degree domestic violence charge is moot.

Doc. 1-2 at 3. As a result, the Alabama Court of Criminal Appeals affirmed Stringer's conviction. Doc. 1-2 at 3. Stringer asserts that Crutchfield did not allow him to "render any say as to the appeal or as to the circumstances of what issues would be presented to the Appeals Court." Doc. 1-1 at 6.

Next, Stringer contends that Crutchfield "abandoned Mr. Stringer['s] case following direct appeal and failed to pursue Application For Rehearing to the Criminal Court of Appeals as well as apply for Writ of Certiorari to the State Supreme Court." Doc. 1-1 at 7. Further, Stringer states that Crutchfield completely failed to notify him that the Alabama Court of Appeals affirmed his conviction, and that it was only due to "Stringer's due deligence [sic] that Stringer was made aware of the fact that he was to turn himself in to the custody of the State." Doc. 1-1 at 6. As a result of Crutchfield's failure to inform Stringer of the outcome of his appeal, Stringer missed the fourteen-day deadline to file an application for rehearing before the Alabama Court of Criminal Appeals, which resulted in the Supreme Court of Alabama denying his request to file a petition for a writ of certiorari. Doc 1-2 at 8. Consequently, Stringer was foreclosed from pursuing any further appellate review of his conviction.

Stringer requests full exoneration and an unspecified amount of damages for pain and suffering, as well as court costs and fees. Doc. 1 at 4.

## II. STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010) (citations omitted); *see also Giles v. Wal-*

*Mart Distribution Center*, 359 Fed. App'x 91, 93 (11th Cir. 2009). While 28 U.S.C. § 1915 authorizes suits by litigants without prepayment of fees, it does not authorize abuse of the legal system.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted).

Therefore, a two-step procedure should be used when reviewing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted). First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, the court should dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) –(ii); *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (noting that Section 1915(e) applies to all litigants proceeding *in forma pauperis*).

At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when the court determines that the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it

determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (dismissing claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (holding that complaint may be dismissed prior to service of process). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[2]

## III. DISCUSSION

Stringer's claims are due to be dismissed because they are barred by the statute of limitations. There is no express period of limitations in the Civil Rights Act, so federal courts apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 378 (2004) (citing *Wilson v. Garcia,* 471 U.S. 261, 266–67 (1985)). "Because section 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose." *Majette v. O'Connor,* 811 F.2d 1416, 1419 (11th Cir. 1987). "[T]he most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied." *Id.*; *see also Wilson v. Garcia,* 471 U.S. at 266–67; *Burnett v. Grattan,* 468 U.S. 42 (1984). Therefore, Alabama's general two-year statute of limitations for personal injury actions is the most

[2] *Woodall* was decided on June 16, 1981, and is thus binding on this court. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

applicable to the instant § 1983 claims. Ala. Code § 6-2-38(l); *see Owens v. Okure,* 488 U.S. 235, 249–250 (1989) (holding that the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum,* 956 F.2d 1104, 1105 (11th Cir. 1992).

While state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." *Lovett v. Ray,* 327 F.3d 1181, 1182 (11th Cir. 2003). A § 1983 action accrues "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *See Brown v. Ga. Bd. of Pardons & Paroles,* 335 F.3d 1259, 1261 (11th Cir. 2003); *see also Walker v. United States,* 196 Fed. App'x 774, 776 (11th Cir. 2006) (explaining that "a cause of action accrues for purposes of the statute of limitations in § 1983 and *Bivens* cases when the plaintiff knows or has reason to know of an injury and who has inflicted it"); *Helton v. Clements,* 832 F.2d 332, 335 (5th Cir. 1987).

Stringer was charged on October 28, 2010; arrested on October 29, 2010; indicted on May 2, 2011; and convicted on June 30, 2011. Docs. 1 at 5; 1-1 at 5–8; 1-2 at 1. Stringer timely appealed his conviction to the Alabama Court of Criminal Appeals, who affirmed his conviction on April 20, 2012. Doc. 1 at 7. Stringer contends that Crutchfield failed to provide notice that his conviction was affirmed. Stringer does not provide a date upon which he discovered the outcome of his appeal, but from the record the court notes that Stringer sent a letter on some unspecified date to the Alabama Court of Criminal Appeals seeking information on the current status of his appeal. Doc 1-2 at 9. On

November 27, 2012, the Alabama Court of Criminal Appeals replied and informed Stringer that the Court issued a memorandum affirming the trial court on April 20, 2012, and a certificate of judgment was entered on May 9, 2012. Doc. 1-2 at 9. The Court additionally informed Stringer that there was no record of a petition for a writ of certiorari with the Supreme Court of Alabama. Doc. 1-2 at 9. On December 5, 2012, Stringer sent a letter to the Supreme Court of Alabama requesting information on the procedure for filing a petition for a writ of certiorari. Doc. 1-2 at 8. On December 12, 2012, the Supreme Court of Alabama responded to Stringer's letter and informed him that he was foreclosed from seeking review in the Supreme Court of Alabama due to his failure to file an application for a rehearing with the Alabama Criminal Court of Appeals within fourteen days of the date of the "judgment or affirmance." Doc. 1-2 at 8.

Stringer did not file the instant action until September 18, 2015. Doc. 1. At the very latest, Stringer knew or had reason to know of his alleged injury as of November 27, 2012, when the appellate court informed him that his conviction had been affirmed in response to his inquiry. Thus, the two-year statute of limitations required Stringer to file his claims on or before December 1, 2014.[3] He waited more than nine months longer than

[3] Thursday, November 27, 2014 fell on Thanksgiving Day, which is a legal holiday. Fed. R. Civ. P. 6(a)(6)(A). Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the statute of limitations filing deadline would therefore "continue to run until the end of the next day that is not a Saturday, Sunday or legal holiday." The court takes judicial notice that on Friday, November 28, 2014, the Clerk's Office for the Middle District of Alabama was inaccessible due to the court's regular observance of a holiday on the day after Thanksgiving Day. Thus, the deadline would have been extended to Monday December 1, 2014—"the first accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(3)(A).

the statute allowed, filing this § 1983 action on September 18, 2015. This delay is fatal.[4] Stringer's claims are barred by the statute of limitations and must be dismissed.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (iii).

It is further ORDERED that the parties are DIRECTED to file any objections to this Recommendation **on or before June 9, 2016**. Any objections filed must identify the specific findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

[4] Even if Stringer had timely filed this § 1983 action, the court notes that his complaint would likely still be due for dismissal because it asserts a § 1983 action against his criminal appellate counsel, who is not a state actor. *See Miles v. Freeman*, No. 2014 WL 3767549, at *2 (M.D. Ala. 2014) ("To state a viable claim for relief under § 1983, a plaintiff must assert '*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'' An attorney who represents a defendant in criminal proceedings does not act under color of state law.") (citations omitted).

1982); *see Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 26th day of May, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE